UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYEN LARS CALL,<br><br>    Defendant. | Case No. 2:17-cr-00041-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Ryen Call's Motion for Early Termination of Supervised Release (Dkt. 31). The Government opposes the motion. (Dkt. 32). For the reasons explained below the Court will grant the Motion.

## BACKGROUND

On October 12, 2017, this Court sentenced Mr. Call to 24 months of imprisonment followed by three years of supervised release for Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). On March 4, 2019, Mr. Call began his term of supervised release. Thus, as of this writing Mr. Call has completed 32 months, or 88% of his three-year term of supervised release.

On August 24, 2021, Mr. Call, through counsel, filed a motion for early termination of supervised release. (Dkt. 31). Mr. Call states early termination is justified because he has gone above and beyond expectations while on supervision. Mr. Lopez is currently employed and has a strong support system. He also reports that he has been completely compliant with the terms of supervision and "has put great effort into reintegrating himself into society." (Dkt. 31 at 3). The United States Probation Officer assigned to the case confirmed that since the filing of the motion Mr. Call has obtained full-time employment and continues to perform well on supervision.  She supports early termination of supervised release for Mr. Call.

The Government opposes early termination in this case, noting that Mr. Call has an extensive criminal history and has a history of violating probation or parole. The Government argues that that Mr. Call has merely complied with the terms of supervised release and that the previously imposed sentence remains appropriate.

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after a Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the court must review a number of sentencing factors which include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at \*2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

After reviewing Mr. Call's performance on supervision and the 3553(a) factors, the Court finds that early termination is "warranted by the conduct of the defendant" and "in the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Call has not merely complied with the terms of supervised release – his performance has been exceptional. He is successfully employed and has built a strong support system. Additionally, he has won over his probation officer, who informed the Court that he is performing well and has indicated her support of his motion. The Court finds that there is no longer a need to supervise Mr. Call and early termination would

permit the U.S. Probation Office to focus resources in other areas of need.

Therefore, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of

Supervised Release (Dkt. 31) is **GRANTED**.

DATED: December 3, 2021

B. Lynn Winmill
U.S. District Court Judge